**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-30034
(Summary Calendar)

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Plaintiff-Appellee,

versus

REGIONAL TRANSIT AUTHORITY, ET AL.,

Defendants,

REGIONAL TRANSIT AUTHORITY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-0819
USDC No. 93-CV-1859

September 18, 1998

Before KING, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Regional Transit Authority ("RTA") appeals the district court's grant of summary judgment in favor of Progressive Casualty Insurance Company's ("Progressive") declaratory judgment action to void coverage under its excess indemnity policy issued to the RTA.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a grant of summary judgment de novo. See, e.g., Scot

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Properties Ltd. v. Wal-Mart Stores, Inc., 138 F.3d 571, 573 (5th Cir. 1998) (citing Wren v. Towe, 130 F.3d 1154, 1158 (5th Cir. 1997)).

We have reviewed the briefs of both parties as well as the record and we find that the district court's grant of summary judgment was proper. Progressive's policy requires written notice of potential excess claims. It is undisputed that RTA failed to provide written notice before settling the claim of Kimberly Boutin regarding an automobile accident between Boutin and an RTA bus. Thus, for essentially the reasons set forth in the district court's order and reasons, we AFFIRM the judgment of the district court. See Progressive Casualty Insurance Company v. Regional Transit Authority, No. 93-CV-1859 & No. 96-CV-0819 (E.D. La. Jan. 8, 1998).

AFFIRMED.